Hand-Delivered

FILED
CHARLOTTE, NC

NOV 13 2024

US DISTRICT COURT
WESTERN DISTRICT OF NC

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| United States of America ex rel. GNGH2 Inc., | ) ) ) | **TO BE FILED UNDER SEAL PURSUANT TO 31 USC § 3730(b)(2)** |
| Plaintiff-Relator, | ) ) |  |
| - against - | ) ) | Case No. 3:24-CV-999-FDW |
| VSOFT CORPORATION, | ) ) |  |
| Defendant. | ) ) |  |

## Complaint Under the False Claims Act, 31 U.S.C. §§ 3729 et seq.

1.  *Qui tam* Relator GNGH2 Inc., by and through counsel, individually and on behalf of the United States of America files this Complaint against VSOFT CORPORATION ("Defendant" or "VSOFT CORPORATION") to recover damages, penalties, and attorney's fees for violation of the False Claims Act, 31 U.S.C. §§ 3729 *et seq.*

### I. Nature of the Case

2.  This is a False Claims Act claim. The Qui Tam Plaintiff and Relator, GNGH2 Inc. ("Relator"), alleges that the Defendant fraudulently obtained CARES Act disaster relief by means of fraudulent certifications of eligibility. As set forth in more detail below, second-round PPP funding is barred to entities which exceed certain statutory size standards.

## II. Parties

3. VSOFT CORPORATION is a Georgia business corporation with a principal place of business in **Gwinnett County, North Carolina**.

4. The Relator, GNGH2 Inc. ("Relator" or "Plaintiff") is a New Jersey corporation with a principal office in **Bergen County, New Jersey.**

## III. Compliance with Requirements of Suit

5. This matter will be filed under seal pursuant to 31 U.S.C. § 3730(b) and at or about the same time, a copy of the Complaint, any Sealing Order, and Relator's disclosure of evidence will be served on the Department of Justice and the United States Attorney for the District in which this matter has been filed.

6. Relator will not serve the Complaint or any other papers in this matter until and unless it becomes unsealed. Thus, if the Complaint is served on the Defendant, it means that the matter has been duly unsealed.

## IV. Jurisdiction and Venue

7. This Court has jurisdiction pursuant to 31 U.S.C. Section 3732(a) which provides that this type of action may be brought in any district where any Defendant resides or transacts business. In this case, the loans at issue were processed through Bank of America in **Charlotte, North Carolina**.

## V.     Background

8.     Throughout most of 2020 and continuing into 2021, the United States was faced with a large-scale outbreak of the virus commonly known as "Coronavirus" and "COVID-19" (the "Coronavirus Epidemic").

9.     In addition to the Coronavirus Epidemic itself, the United States was faced with large scale outbreaks of panic and hysteria as a result of the Coronavirus Epidemic.

10.     All of the above resulted in major economic disruption, and, as a result, Congress enacted the Coronavirus Aid, Relief, and Economic Security Act, commonly known as the "CARES Act."

11.     The CARES Act contains a provision which permits qualifying business which were affected by the foregoing disruption to obtain forgivable disaster loans.

12.     The CARES Act was subsequently amended to provide for a second round of disaster funding.  Significantly, an applicant is ineligible for such funding if, when combined with its affiliates, it exceeds applicable size standards.

13.     The Defendant in this matter is a firm which develops software. It received second draw PPP disaster relief as follows:

| Date | Amount | Loan # | Forgiven |
|---|---|---|---|
| 2/1/2021 | $1,259,732 | 1287728409 | 1/21/22 |

3

14. Thus, on or about February 1, 2021, Defendant completed Form 2483-SD which required it to certify that it met applicable size standards.

15. This certification was false when made as set forth below.

16. At all times relevant to this matter, the Defendant was a subsidiary of an entity known as VSoft Technologies Private Limited out of India. The Defendant and its affiliates did not conform to the SBA's applicable size standards in contradiction to the certification on the application.

17. Moreover, the foregoing information is available on the websites of the Defendant and/or its corporate parent.

18. Thus, Defendant's authorized representative must have been either aware of this information or reckless in regards to same.

19. Thus, Defendant made a fraudulent representation when it completed Form 2483-SD and certified eligibility in respect of the above matters.

20. As a result of these statements, the Defendant received (and the United States paid) substantial funds to which it would not otherwise have been entitled.

**VI.     (Count I) Violation of the False Claims Act**

21. The False Claims Act imposes liability on a person or entity who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(B).

22. Courts have held that this can include false statements regarding eligibility to participate in a program. *See United States ex rel. Kirk v. Schindler Elevator Corp.*, 601 F.3d 94, 116 (2d Cir. 2010), *rev'd on other grounds*, 131 S.Ct. 1885 (2011) ("[C]laims may be false even though the services are provided as claimed if, for example, the claimant is ineligible to participate in the program.").

23. Thus, the Defendant's certifications of eligibility violated the False Claims Act because they were false and required for eligibility for disaster relief.

## VII. Relief Sought

24. On behalf of the government, Relator is seeking judgment for triple damages and civil penalties set forth in 31 U.S.C. § 3729.

25. The United States paid some $1,271,880.65 in principal and interest in respect of the above loan.

26. Additionally, the United States paid $37,791.96 in processing fees in respect of the above loan.

27. Accordingly, Relator seeks judgment in the amount of $3,929,017.83 against the Defendant and in favor of the United States, together with costs, attorney's fees, interest, civil penalties, an appropriate qui tam award, and such other and further relief as the Court deems just.

Respectfully submitted,

WYCHE, P.A.

s/ Graham Pitman
Graham Pitman (N.C. State Bar No. 61191)
Post Office Box 728
Greenville, South Carolina 29602-0728
Telephone: (864) 242-8200
gpitman@wyche.com
Counsel for Plaintiff-Relator

Dated:     November 13, 2024